UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>        Petitioner,<br><br>v.<br><br>GORE,<br><br>        Respondent. | Case No.: 3:20-cv-01609-LAB-WVG<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING CASE WITHOUT PREJUDICE** |

On August 17, 2020, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On September 23, 2020, the Court dismissed this case without prejudice because Petitioner failed to satisfy the filing fee requirement. (ECF No. 3.) In the dismissal order, Petitioner was notified that in order to have this case reopened he had to either pay the filing fee or provide adequate proof of his inability to pay, no later than October 28, 2020. (*See id.* at 1.)

### REQUESTS TO PROCEED IN FORMA PAUPERIS

On October 5, 2020, Petitioner filed a request to proceed in forma pauperis. (ECF No. 3.) He filed a second application to proceed in forma pauperis on October 22, 2020. (ECF No. 5.) In his October 5, 2020 application, Petitioner included a copy of his trust account statement, indicating a Petitioner has $ 0.33 on account at the San Diego County

Jail, where he is presently confined. (*See id.* at 7.) Petitioner cannot afford the $5.00 filing fee.

Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee. Petitioner's October 22, 2020 application to proceed in forma pauperis (ECF No. 5), which was not accompanied by a copy of Petitioner's trust account statement, is **DENIED** as moot.

## PETITION MUST BE DISMISSED

The Petition must be dismissed, however, because 28 U.S.C. § 2241 is the improper vehicle for Petitioner's challenges to his state court conviction and sentence. In his Petition, Petitioner states that he was convicted in San Diego Superior Court Case No. SCS 197057. (Pet., ECF No. 1 at 1.) In his grounds for relief, Petitioner contends he was sentenced in case number SCS 179057 on March 9, 2004. (*Id.* at 4.) He argues that the execution and calculation of that sentence was improper, in violation of his plea agreement and therefore in violation of his due process rights. (*See id.* at 4–6.)

The Ninth Circuit has held that 28 U.S.C. § 2254 is the "exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction . . . § 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241 that is triggered by a state prisoner who is in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Because it appears Petitioner is in custody

///
///
///
///

pursuant to a state court judgment, "28 U.S.C. § 2254 is the proper jurisdictional basis for his habeas petition." *Id.* Accordingly, the Petition is **DISMISSED** without prejudice.[1]

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's October 5, 2020 application to proceed in forma paupers (ECF No. 3) and **DENIES** his duplicative October 22, 2020 in forma pauperis application (ECF No. 5) as **MOOT**. Further, the Petition is **DISMISSED** without prejudice because 28 U.S.C. § 2241 is the improper vehicle for challenging Petitioner's state court conviction and sentence. The Clerk shall close the case.

**IT IS SO ORDERED.**

DATED: November 2, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge

---

[1] The Court notes that Petitioner has filed numerous petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, challenging various convictions. On September 8, 2020, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in SCS179057, the same conviction he seeks to challenge in the instant § 2241 Petition. *See Dunsmore v. Gore*, 20-cv-1773-CAB-AGS, ECF No. 1. On October 14, 2020, the Court issued an order to respond in that case, and it is proceeding. (*See id.*, ECF No. 5.)