UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                              Petitioner,<br><br>v.<br><br>WILLIAM GORE, Sheriff,<br><br>                              Respondent. | Case No.:  3:20-cv-1609-LAB-NLS<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On November August 17, 2020, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (ECF No. 1.) The Court dismissed the Petition without prejudice on September 23, 2020 because Petitioner had failed to satisfy the filing fee requirement.  (ECF No. 2.) On October 5, 2020, Petitioner filed a request to proceed in forma pauperis. (ECF No. 3.) On November 2, 2020, this Court granted Petitioner's in forma pauperis application and dismissed the case without prejudice because Petitioner appeared to be challenging a state court conviction in San Diego Superior Court Case No. SCS197057 and district courts lack jurisdiction under 28 U.S.C. § 2241 over claims which challenge a state court conviction. (ECF No. 6 at 2–3, citing *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).) In the dismissal Order, it was noted that Petitioner currently has another case pending before this Court challenging the

same state court conviction in SCS197057 under 28 U.S.C. § 2254.[1] (*Id.* at 3 n.1; *see also Dunsmore v. Gore*, 20-cv-1773-CAB-AGS.) Petitioner filed a notice of appeal on November 18, 2020. (ECF No. 8.) On November 20, 2020, the Ninth Circuit remanded the case to this Court to determine whether a certificate of appealability should issue. (ECF No. 10.)

While Petitioner filed his petition under 28 U.S.C. §2241, because he appears to be challenging a state court conviction, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2006) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As discussed in this Court's Order dismissing the petition, 28 U.S.C. § 2241 is not the proper vehicle for challenging Petitioner's state court conviction. (*See* ECF No. 6 at 2, citing *White*, 370 F.3d at 1004.) Therefore, the Court finds Petitioner cannot demonstrate that reasonable jurists would find this Court's dismissal of his 28 U.S.C. § 2241 petition debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 3, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge

---

[1] On October 14, 2020, the Court issued an order to respond in Case No. 20-cv-1773-CAB-AGS and a responsive pleading is due January 14, 2021. (*See Dunsmore v. Gore*, 20-cv-1773-CAB-AGS, ECF No. 17, Order Granting Extension of Time.)